993 F.2d 884
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Omer RAINS, Plaintiff-Appellant,
v.
AMERICAN STATES INSURANCE COMPANY, Defendant-Appellee.
 No. 92-15068.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 15, 1993.
Decided May 7, 1993.
 
 Before SCHROEDER, PREGERSON and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This lawsuit arises from the legal dispute between Omer Rains and his former law partners at the law firm of Farrow, Schildhause, Wilson & Rains, and the individual attorney Harold Farrow. Farrow had filed suit against Rains for a variety of tort claims, and Rains had cross-claimed. American Insurance undertook the representation of Farrow because Farrow was named as an individual insured under the insurance contract. That contract lists the law firm of Farrow, Schildhause, Wilson & Rains, a partnership, as an additional insured. The terms of the coverage are set out in provisions that clearly state that a person named as an individual is insured as an individual, but "if the named insured is designated in the declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof [is insured,] but only with respect to his liability as such."
 
 
 3
 The district court granted American's motion for summary judgment. It ruled that American did not have a duty to defend Rains for conduct falling outside the scope of the partnership. The district court ruled that defamation of other partners fell outside the conduct of the partnership and so was not covered by the policy with American, which insured Rains as a partner.
 
 
 4
 This case is not materially dissimilar from the California case of Milazo v. Gulf Ins. Co., 724 Cal.Rptr. 632 (Cal.App. 2 Dist.1990). In that case, the court found that an insurance company was not responsible for insuring conduct by a partnership that fell outside the scope of partnership liability. Coverage extends to partners, "but only to the extent of their liability as partners." Id. at 638 (emphasis in original). Thus, the insurance company is liable only for acts within the usual course of the business of the partnership. Id. The court then ruled that "[a] partner, without the consent of all of the remaining partners, has no authority to do any act which is destructive of the partnership or, indeed, any act which is not apparently done for the purpose of carrying on the partnership business in the 'usual way.' " Id. The court refused to "hold that a partner could be covered under a partnership general liability policy for his acts against the very business organization that gives him his status as an insured person," id. at 639, because such coverage would "turn the concept of partnership ... on its head." Id.
 
 
 5
 Rains attempts to distinguish Milazo on the ground that it involved indemnification, whereas this lawsuit involves the duty to defend. Nevertheless, this distinction is immaterial. Regardless of whether Rains seeks indemnification or defense of a lawsuit, coverage under the insurance policy is limited to Rains' liability as a partner. The suit which Rains asks American to defend involves conduct wholly outside the scope of partnership duties giving rise to partnership liabilities. Thus, American had no duty to defend Rains for conduct falling outside the usual course of the business of the partnership.
 
 
 6
 The district court relied on Cal.Corp.Code § 15013 to find that partners were not acting as members of the partnership when they harmed other partners. The language of the statute says that the partnership is liable when the harm is "to any person, not being a partner in the partnership." Cal.Corp.Code § 15013. This is not such a case.
 
 
 7
 The district court therefore correctly ruled that Rains' conduct in defaming other members of the partnership was not conduct that fell within the range of partnership duties.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3